**KACHELLE A. BAXTER**
Oregon State Bar ID Number 120659
kachelle@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Knox

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **EDWARD LOUIS KNOX, SR.,** | CASE NO.:   16-CV-00868 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | Fair Credit Reporting Act |
| **MERCHANTS INFORMATION SOLUTIONS, INC.,** and **CORELOGIC BACKGROUND DATA, LLC,** | (15 U.S.C. § 1681 et seq) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

I.    **Preliminary Statement**

1.    This is an action for damages brought by an individual consumer, Edward Louis Knox. Sr., against Defendants Merchants Information Solutions, Inc. and CoreLogic Background

Data, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended*.

## II.  The Parties

2. Plaintiff Edward Louis Knox, Sr. is an adult individual residing in Lake Oswego, Oregon.

3. Defendant Merchants Information Solutions, Inc. ("MIS") is a consumer reporting agency that regularly conducts business in the District of Oregon and which has a principal place of business located at 301 E. Virginia Ave., Suite 4000, Phoenix, AZ 85004.

4. Defendant CoreLogic Background Data, LLC ("CoreLogic") is a consumer reporting agency that regularly conducts business in the District of Oregon and which has a principal place of business located at 10277 Scripps Ranch Blvd., San Diego, CA 92131.

## III.  Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## IV.  Factual Allegations

7. Defendants have been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

8. The inaccurate information includes, but is not limited to listing Plaintiff as a registered sex offender in the State of North Carolina for indecent liberty with minor which is not against the Plaintiff. The inaccurate information instead belongs to another person who Plaintiff does not know and is of no relation to Plaintiff.

9. Defendants, however, have been inaccurately reporting this conviction on Plaintiff's consumer report.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

11. Specifically, in or around October 2015, Plaintiff applied for employment with Labor Works and was disqualified from assignment to certain positions offered through the employment agency.

12. The basis for the lost employment opportunities was the inaccurate information described above that appeared on Plaintiff's consumer report which was assembled by Defendant CoreLogic and then reassembled and resold through Defendant MIS to Labor Works.

13. Plaintiff further received no contemporaneous notice from Defendant CoreLogic in connection with the application that public record information was being reported about Plaintiff at the time it sold a consumer reports about Plaintiff for employment purposes in compliance with 15 U.S.C § 1681k.

14. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment, income and/or benefits, harm to reputation, emotional distress, humiliation and embarrassment.

15. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

16. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. COUNT I – MIS VIOLATIONS OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

22. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

///

///

## VI.   COUNT II – CORELOGIC
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to Plaintiff for:

(a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and/or

(b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

29. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMAND

30.     Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages; and

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

DATED this 19th day of May, 2016.

/s/ Kachelle A. Baxter

_____

Kachelle A. Baxter, OSB # 120659
kachelle@baxterlaw.com
Justin M. Baxter, OSB # 992178
justin@baxterlaw.com
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff